21-2429-cr (L)
*United States v. Gomez* (Jorge Gomez)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of October, two thousand twenty-two.

PRESENT:
> PIERRE N. LEVAL,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges*.

_____

United States of America,

   *Appellee*,

  v.

Sandy Gomez, Carolina Ramon-Baez,

   *Defendants*,

Jorge Gomez, AKA Jorge Ulloa, AKA George Gomez,

   *Defendant-Appellant*.

21-2429 (L)
21-2430 (Con)
21-2646 (Con)

_____

FOR DEFENDANT-APPELLANT:    Jorge Gomez, *pro se*, Fairton, NJ.

FOR APPELLEE:         Richard Cooper, David Abramowicz, Assistant United States Attorneys, of

counsel, *for* Damian Williams, United States Attorney, Southern District of New York, New York, NY.

Appeal from orders of the United States District Court for the Southern District of New York (Gardephe, *J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the orders of the district court are **AFFIRMED**.

Appellant Jorge Gomez, proceeding *pro se*, appeals the district court's orders denying his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and his motion for reconsideration of that denial. The district court denied the motion on three separate grounds: (1) Gomez failed to exhaust his administrative remedies; (2) he did not establish an extraordinary and compelling reason for his release; and (3) the sentencing factors under 18 U.S.C. § 3553(a) weighed against release. With respect to the motion for reconsideration, the district court concluded that, although Gomez had subsequently exhausted his administrative remedies with the Bureau of Prisons, there was no basis to alter its prior conclusion that he had not demonstrated extraordinary and compelling circumstances warranting release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I.    Appeal from Denial of Motion for Compassionate Release

We review the denial of a discretionary sentence reduction for abuse of discretion. *United States v. Jones*, 17 F.4th 371, 374 (2d Cir. 2021) (per curiam). "A district court has abused its discretion if it has (1) based its ruling on an erroneous view of the law, (2) made a clearly erroneous assessment of the evidence, or (3) rendered a decision that cannot be located within the range of permissible decisions." *United States v. Keitt*, 21 F.4th 67, 71 (2d Cir. 2021) (per curiam)

(quoting *United States v. Saladino*, 7 F.4th 120, 122 (2d Cir. 2021) (per curiam)).

Section 3582(c)(1)(A), as amended by the First Step Act, provides that a court "may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i). We have emphasized that district courts have broad discretion in evaluating whether an inmate has presented extraordinary and compelling circumstances for release. *See United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). However, even if an inmate demonstrates extraordinary and compelling circumstances, the district court must consider whether release is consistent with the factors set forth in Section 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A); 18 U.S.C. § 3553(a). As set forth below, even assuming *arguendo* that Gomez exhausted his administrative remedies, the district court was well within its discretion in denying Gomez's motion for compassionate release on the alternative grounds.

First, the district court did not abuse its discretion in determining that Gomez had failed to establish an extraordinary and compelling reason for his release. The district court acknowledged that Gomez suffers from medical conditions that generally increase an individual's vulnerability to severe illness from COVID-19, including Type 2 diabetes, hypertension, and obesity. [1] However, the district court also noted that Gomez received both doses of the Moderna COVID-19 vaccine and there were no active COVID-19 cases among inmates or staff at FCI-Allenwood Medium (where Gomez was incarcerated at the time of the district court's decision). Given those

---

[1] Although Gomez also argued that he was more vulnerable to severe illness from COVID-19 due to kidney disease, the district court found that "Gomez has not shown that he has been diagnosed with kidney disease or that his creatinine levels [measuring kidney disease] have been elevated for a significant period of time." App'x at 21. In any event, the district court assumed that Gomez also had chronic kidney disease for the purpose of analyzing whether his medical vulnerabilities to COVID-19 constituted extraordinary and compelling circumstances.

3

circumstances, the district court determined that there was an extremely low risk that Gomez would contract COVID-19 and become seriously ill. Based upon this record, there is no basis for us to conclude that the district court, in reaching this determination, made "a clearly erroneous assessment of the evidence" or "rendered a decision that cannot be located within the range of permissible decisions." *Keitt*, 21 F.4th at 71.

Second, the district court's "reasonable evaluation of the Section 3553(a) factors is an alternative and independent basis for denial of compassionate release." *Jones*, 17 F.4th at 374 (internal quotation marks and citation omitted). The district court referenced its analysis in its denial of Gomez's prior compassionate release motion in August 2020 and explained that, other than Gomez having served an additional year of his 155-month sentence, "none of the facts bearing on the Section 3553(a) analysis ha[d] materially changed." App'x at 21. More specifically, the district court concluded that Gomez's release would continue to pose a danger to the community based upon the serious nature of the narcotics conspiracy for which he was convicted, his prior criminal history (which included participation in the large-scale distribution of heroin), his high risk of recidivism, and the fact that he had served less than half of the originally-imposed sentence.[2] To the extent that Gomez also makes a conclusory argument that the district court failed to consider

---

[2] Gomez notes that, in the denial of his prior motion for compassionate release in 2020, the district court erroneously incorporated the framework under United States Sentencing Guidelines Section 1B1.13 ("Section 1B1.13"), which we subsequently held does not apply to compassionate release motions initiated by an inmate (rather than the Bureau of Prisons). *See Brooker*, 976 F.3d at 235–37. Thus, Gomez contends that, by relying upon its analysis of dangerousness from the August 2020 decision in denying his second compassionate release motion, the district court again erroneously incorporated the requirements of Section 1B1.13. We find this argument unpersuasive. Although the district court relied upon its prior analysis of dangerousness, it made no reference to Section 1B1.13 in denying the second compassionate release motion, and there is no indication that it was still utilizing the Section 1B1.13 framework contrary to our decision in *Brooker*. Instead, the district court was entitled to continue to consider dangerousness because the need "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C), is a permissible factor under the Section 3553(a) analysis that is applicable to compassionate release motions. *See* 18 U.S.C. § 3582(c)(1)(A).

the need to avoid unwarranted sentencing disparities, 18 U.S.C. § 3553(a)(6), we have emphasized that this Court has "never required a district court to address every argument the defendant has made or discuss every § 3553(a) factor individually." *Keitt*, 21 F.4th at 72 (internal quotation marks and citation omitted); *see also United States v. Halvon*, 26 F.4th 566, 570 (2d Cir. 2022) (per curiam) ("A district court is presumed to have considered all relevant § 3553(a) factors and arguments unless the record suggests otherwise." (internal quotation marks and citation omitted)). In short, the district court did not abuse its discretion in concluding that Gomez's reasons for release were outweighed by consideration of the various Section 3553(a) factors.

## II. Appeal from Denial of Motion for Reconsideration

To obtain reconsideration, a movant must "point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). In his motion for reconsideration, although Gomez attempted to provide documentation that he had exhausted his administrative remedies after the district court's decision, he failed to identify any evidence or controlling decisions that the district court overlooked that would impact the other grounds for the denial of his compassionate release motion. Therefore, the district court did not abuse its discretion in denying the reconsideration motion.

\*                    \*                    \*

We have considered all of Gomez's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the orders of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5